# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-317 |
| RUDY CABRERA | SECTION "B"(5) |

## ORDER AND REASONS

### NATURE OF MOTION

Before the Court are Defendant Rudy Cabrera's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Rec. Doc. No. 287). The Government filed a Response. (Rec. Doc. No. 289) and Cabrera filed a Reply thereto. (Rec. Doc. No. 291). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's motion is **DENIED.**[1]

### PROCEDURAL HISTORY

Petitioner, Rudy Cabrera, is incarcerated in F.C.I. Ockdale in Ockdale, Louisiana,(Rec. Doc. No. 294).

As stated in the Factual Basis submitted to the Court, Cabrera was involved with others in the distribution of methamphetamine that was discovered through the assistance of a confidential source. (Rec. Doc. No. 101). The confidential source purchased methamphetamine from Cabrera at Cabrera's place of business, a body shop that he owned. *Id.* at 12. A state search warrant was executed

---

[1] We are grateful for the work on this case by Megan Passafaro, a Tulane University Law School extern with our chambers.

on his body shop, where police discovered marijuana, a scale, and numerous firearms. *Id.* at 12-13.

On October 1, 2009, Petitioner, along with six others, was indicted for conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. (Rec. Doc. No. 1 at 1-2).

On April 2, 2010, the government charged by "Bill of Information to Establish Prior Conviction" that Cabrera had pled guilty in November of 1987 in the 87th District Court, County of Freestone, Texas, to possession of a controlled substance (heroin) in violation of state law and sentenced to five years imprisonment in Texas Department of Corrections. (Rec. Doc. No. 90). On April 7, 2010, Cabrera agreed to plead guilty to conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine(Rec. Doc. No. 94), the conviction for which he now challenges. As part of his plea agreement, Cabrera also agreed to plead guilty to the bill of information charging that he had one previous felony drug conviction pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A). (Rec. Doc. No. 102).

On March 2, 2011, Cabrera so pleaded and was sentenced to 20 years imprisonment. (Rec. Doc. No. 238). Cabrera later filed a notice of appeal and his appointed counsel, George Frazier, filed

an *Anders* brief requesting withdrawal. (Rec. Doc. No. 236). On April 19, 2012, the Fifth Circuit dismissed Cabrera's appeal as frivolous, and granted counsel's motion for leave to withdraw. (Rec. Doc. No. 281).

On December 5, 2012, Cabrera filed the instant petition under to 28 U.S.C. § 2255. (Rec. Doc. No. 287). The government responded on January 4, 2013 and Cabrera filed a reply on February 19, 2013. (Rec. Doc. Nos. 289, 291).

Both of Cabrera's filings for this § 2255 Motion are difficult to decipher. Cabrera appears to allege that his counsel was ineffective for failing to raise the following issues: (1) Cabrera's sentence was improperly enhanced because the government filed a prior conviction information under 21 U.S.C. § 851 using a state misdemeanor conviction; (2) the government failed to serve counsel and Cabrera with a copy of the prior conviction information prior to the entry of the a plea; (3) counsel failed to file a motion to suppress evidence obtained from a search warrant; and (4) ineffective assistance of counsel on appeal. (Rec. Doc. Nos. 287, 291).[2]

LAW AND ANALYSIS

A. Applicable Law

Pursuant to 28 U.S.C. § 2255, this Court may vacate, set

---

[2] The Court has strained to no effect to discern other non-frivolous arguments in Cabrera's filings. To the extent his arguments concerning conspiracies, secret agreements, extortion, and other wild accusations are not frivolous, they are unintelligible and thereby dismissed as such.

aside, or re-sentence a defendant under circumstances where it was "without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Recovery under § 2255 is limited to violations of constitutional rights and a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Acklen,* 47 F.3d 739, 741 (5th Cir. 1995).

The Supreme Court in *Strickland v. Washington* set forth the appropriate standard for establishing a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). There the Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the Defendant must prove (1) deficient performance and (2) prejudice therefrom. *Strickland*, 466 U.S. at 697. The Defendant has the burden of proof of establishing ineffective assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). If the Defendant fails to meet either prong of the *Strickland* test, the court may dispose of the ineffective assistance of counsel claim. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

In order to prove deficient performance, the Defendant must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *Styron v.*

4

*Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "The [Defendant] must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88. The reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances must be taken into consideration when analyzing counsel's performance. *Strickland*, 466 U.S. at 688; *Carty v. Thaler*, 583 F3d 244, 258 (5th Cir. 2009). The reviewing court must "'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (citing *Strickland*, 466 U.S. at 689).

In order to prove prejudice based on ineffective assistance of counsel, the Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Additionally, "[t]he petitioner must 'affirmatively prove' and not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693). In this setting, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen,* 131 S.Ct. at 1403 (quoting *Strickland*, 466 U.S. at 694).

Therefore, this standard requires a "substantial," not just "conceivable" likelihood of a different result. *Harrington*, 131 S.Ct. at 792.

To determine whether prejudice existed, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986). Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross*, 694 F.2d at 1012).

B. Enhancement for Prior Conviction

Cabrera contends that his November 13, 1987 state conviction was improperly used to enhance his sentence under 21 U.S.C. § 841 for two reasons. First, in his initial § 2255 petition, Cabrera charges that his prior conviction was a misdemeanor rather than a felony, and therefore insufficient to premise an enhancement via 21 U.S.C. § 851 . (Rec. Doc. No. 287 at 6). Second, in his Reply, Cabrera contends that the Court improperly used a state conviction to enhance sentencing for a federal offense. (Rec. Doc. No. 291 at 21). Both arguments are without merit.

First, Cabrera offers no factual support that his prior conviction from 1987 was a misdemeanor. The Bill of Information, which Cabrera knowingly and voluntarily agreed to in his plea

agreement, states he was convicted of possession of heroin, a state felony offense, and sentenced to five years imprisonment. (Rec. Doc. No. 90; Rec. Doc. No. 102 at 1). Because Cabrera provides no evidence substantiating that this prior conviction was not a felony drug conviction, he fails to demonstrate that his counsel was constitutionally ineffective.

Second, Cabrera is wrong in claiming that his state felony possession convictions cannot be used to enhance a federal sentence. The Fifth Circuit has held that sentences can be enhanced under § 841 for prior state convictions for simple possession of a controlled substance. *U.S. v. Sandle*, 123 F.3d 809, 811–12 (5th Cir. 1997). Therefore, counsel was not constitutionally ineffective for failing to raise this frivolous argument. *U.S. v. Hudson*, 151 F.Supp.2d 1308 at 1312 (D. Kan. 2001).

C. Notice of Enhancement

Cabrera also contends that the government failed to present "any certified court record to verify a prior conviction from Texas." (Rec. Doc. No. 291 at 12). The law provides:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before the entry of the plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating

7

in writing the previous convictions to be relied upon.
21 U.S.C. § 851(a)(1).

The Bill of Information establishing his prior conviction was
filed on April 2, 2010. (Rec. Doc. No. 90). A certificate of
service accompanied the bill fo information, which stated that the
government served all parties this information by mail. *Id.* at 2.
Both the plea agreement and petition to enter a guilty plea reflect
the enhanced sentence of a minimum of 20 years based on a prior
felony drug conviction. 21 U.S.C. § 841(b)(1)(A). (Rec. Doc. Nos.
102; 237). Both Cabrera and his attorney signed the plea agreement.
(Rec. Doc. No. 102 at 5). Therefore, there is no factual basis
supporting Cabrera's claim that the sentencing information was not
provided to both him and his counsel prior to the entry of the
guilty plea. To the extent Cabrera argues that the government must
provide certified court records *from* his prior offense, he argues
without legal authority. Moreover, he acknowledged the offense.

Cabrera also appears to argue that he was entitled to an
evidentiary hearing and an opportunity to challenge his prior
conviction and that his counsel was ineffective for failing to
invoke such rights. (Rec. Doc. No. 291 at 21). He seems to rely on
21 U.S.C. § 851(b), which states:

If the United States attorney files an information under this
section, the court shall after conviction but before
pronouncement of sentence inquire of the person with respect

8

to whom the information was filed whether he affirms or denies
that he has been previously convicted as alleged in the
information, and shall inform him that any challenge to a
prior conviction which is not made before sentence is imposed
may not thereafter be raised to attack the sentence.

Cabrera not only misreads 21 U.S.C. § 851(b) but also fails to
realize that that section is limited by § 851(e). Section 851(e)
provides that: "No person who stands convicted of an offense under
this part may challenge the validity of any prior conviction
alleged under this section which occurred more than five years
before the date of the information alleging such prior conviction."
The Bill of Information at issue here was filed on April 2, 2010,
and the date of the relevant prior conviction was November 13,
1987. (Rec. Doc. No. 90 at 1). Thus, the prior conviction was
entered more than five years before the date of information
alleging such prior conviction and therefore, Cabrera is barred
from challenging the conviction. 21 U.S.C. § 851(e). In short,
because 21 U.S.C. § 851(e) would have foreclosed any challenge to
the prior conviction, his counsel was not ineffective for failing
to raise it. Further, Cabrera knowingly and voluntarily waived his
constitutional claims, pleaded guilty to his offensees and thereby
caused through his informed decisions the acknowledged results,
e.g., the conviction and sentence at issue.

D. Motion to Suppress

Cabrera also argues that his counsel was ineffective for failing to file a motion to suppress evidence that was improperly seized. (Rec. Doc. No. 287 at 8). Specifically, he contends that a search warrant was inappropriately used to search and seize items from his house. *Id.* Cabrera fails, however, to describe or even mention the evidence supposedly seized from his house. Therefore, without clarifying and substantiating what was allegedly illegally seized from his house, Cabrera has not met and cannot meet his burden of establishing prejudice. Further, as noted earlier, he knowingly and voluntarily waived his constitutional rights, including possible defenses when he tendered his guilty pleas.

E. Motion to Withdraw

Cabrera contends that his appointed counsel was ineffective when he filed an *Anders* brief and moved to withdraw based on his determination that no non-frivolous issues existed for appeal.(Rec. Doc. No. 291 at 19); *Anders v. California*, 386 U.S. 738, 744 (1967). The Fifth Circuit in granting counsel's motion for leave to withdraw, concluded that counsel "filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores,* 632 F.3d 229 (5th Cir. 2011)."[3] (Rec. Doc. No. 281 at 2).

There is no evidence to suggest that the appointed counsel's decision to file an Anders brief was improper, or that his conduct

---

[3] *Anders* established standards for a court-appointed attorney who seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit.

"fell below an objective standard of reasonableness" pursuant to the first prong of the Strickland test. Additionally, Cabrera fails to show that he suffered any prejudice pursuant to the second prong of the Strickland test. In its decision to deny Cabrera's appeal, the Fifth Circuit concluded that the appeal presented "no nonfrivolous issue for appellate review." *Id.* at 3. The appellate court's decision was made on the basis of Cabrera's claim and the record. *Id.* Cabrera was not prejudiced by the actions of his appointed counsel. Therefore, because Cabrera failed to establish either prong of the Strickland test, his claim that he received ineffective assistance of counsel on appeal must fail. *U.S. v. Robinson*, 2011 WL 5508855 (W.D. La. Nov. 9, 2011).

CONCLUSION

   Accordingly, **IT IS ORDERED** that Cabrera's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.


New Orleans, Louisiana, this 2nd day of April, 2014.



_____
UNITED STATES DISTRICT JUDGE



11